WILLIAM C. D'IPOLLITO AND ESTHER D'IPOLLITO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
D'Ipollito v. Commissioner
Docket No. 27800-88
United States Tax Court
T.C. Memo 1989-400; 1989 Tax Ct. Memo LEXIS 398; 57 T.C.M. (CCH) 1167; T.C.M. (RIA) 89400; August 1, 1989
*398 Held: Petitioners' Motion for Partial Summary Judgment denied. Joseph A. Lambariello, for the petitioners. Alan G. Merkin, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: By statutory notice dated September 8, 1988, respondent determined a deficiency in petitioners' Federal income tax for the years and in the amounts as follows: Year
Deficiency
1975
$ 95,869
1976
34,515
1977
5,871
1978
1,966
*399 This case is presently before the Court on petitioners' [1] Motion for Partial Summary Judgment pursuant to Rule 121. By his Motion, petitioner seeks a declaration that unrepaid advances made by Swig, Inc. (Swig), a subchapter S corporation in which petitioner was the majority shareholder, to Bodziak & Associates, Inc. (Bodziak), are eligible for ordinary loss treatment. For purposes of this Motion only, petitioner concedes those facts as set forth in respondent's 30-day letter. Our findings of fact and opinion are combined. Swig was a subchapter S corporation which dealt in sales of real estate in the Sarasota, Florida, area. Swig became associated with Bodziak, a building contractor and furnished money to Bodziak for use in certain projects being constructed by that company. This money, referred to as "front money" was to be used by Bodziak to cover expenses of the projects until construction financing could be obtained. The money was then to be returned to Swig and made available by Swig for the next mutual *400 project. In return for the front money, Swig was to be the exclusive sales agent for the mutual projects and receive commissions on all units sold. Bodziak was to receive a normal builder's profit for its efforts in the association. In addition, Swig's shareholders were to be one-third shareholders in some of the corporations which were set up to hold the buildings during their construction and sale of their units. Bodziak was to own the other two-thirds of these corporations. Through these corporations, Swig's shareholders could share in any profits remaining from the sales of the projects. The association between Swig and Bodziak worked fine initially, but trouble arose when Bodziak failed to meet the obligations of the projects when they came due and failed to pass the first construction loan draws through to Swig. As a result, Swig began to contribute more and more money, often directly to the suppliers in an effort to keep the projects sound. The loss was incurred when the construction mortgage holders accelerated the mortgage maturity dates for nonpayment and took possession of the properties being developed. Petitioner argues three grounds for his Motion: (1) that *401 the failure of Bodziak to repay Swig's advances gives rise to a deduction for a bad debt pursuant to section 166; [2] (2) that regardless of the existence of a debtor-creditor relationship, such losses are fully deductible as ordinary losses incurred in the operation of a trade or business pursuant to section 165; and (3) Swig's losses were incurred in the sale or transfer of subdivided and improved real property pursuant to section 1231. Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Summary judgment is not a substitute for trial. Estate of Graves v. Commissioner, 92 T.C. (June 19, 1989). As a general rule, debt-equity cases must be decided on their own facts. The Third Circuit, to which this case is appealable, has enumerated a number of factors to be considered in making the determination of debt versus equity. . *402 While petitioner's supporting memorandum speaks at some length about the applicability of certain of these factors, the record does not contain sufficient uncontroverted facts to support a conclusion that, as a matter of law, Swig's advances to Bodziak constituted bona fide debt. Neither can we reach such a conclusion with respect to whether Swig's losses are limited by section 165(f) (limiting losses on the sale or exchange of capital assets) or are with respect to the sale or exchange of section 1231 assets. Therefore, petitioners' Motion will be denied. An appropriate order will be issued. Footnotes
1. Esther D'Ipollito is a petitioner only because she filed a joint return with her husband. All further references to petitioner are to William C. D'Ipollito.↩
2. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩